IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RODNEY L. DONELSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00637-AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter, which was filed under 28 U.S.C. § 2254 and is now on appeal, is before the Court on Petitioner Rodney L. Donelson's pro se "Motion to Present New evidence." ECF No. 36. In his motion, Petitioner states that, on January 28, 2020, Petitioner's family informed him that Ronald Dickens, Jr., the boyfriend of one of the victims whom Petitioner was convicted of murdering and an alternate suspect in that murder case, is now wanted by police in Tennessee for the murder of his wife. Petitioner asks the Court to "look into" this matter, "add this to his docket, and grant his motion." *Id.*

Although not styled as such, the Court will construe Petitioner's motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), specifically seeking to present a claim of actual innocence on the basis of newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). This case is now on appeal before the United States Court of Appeals for the Eighth Circuit, which would generally deprive this Court of

jurisdiction. However, when dealing with a purported Rule 60(b) motion after the dismissal of a habeas petition, the Eighth Circuit has advised the district courts to:

> employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

"[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (emphasis in original). Petitioner's motion, which "seek[s] leave to present 'newly discovered evidence'" is, in effect, seeking to revisit this Court's denial on the merits of Petitioner's claim for relief, and is therefore "in substance a successive habeas petition . . . ." *See id.* at 531; *see also Sanders v. Norris*, 529 F.3d 787, 789 (8th Cir. 2008) (A [Rule 60(b)] motion of this sort filed in a proceeding under 28 U.S.C. § 2254 must be treated as successive if, as here, it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied.").

Because the Court concludes that Petitioner's motion to present new evidence is actually a second or successive habeas petition, the Court will transfer this motion to the Eighth Circuit.

2

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer Petitioner's pro se motion to present new evidence (ECF No. 36) to the United States Court of Appeals for the Eighth Circuit.

                                                  */s/ Audrey G. Fleissig*
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2020.